## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### (Harrisburg Division)

LARRY K. MARTZ, Executor of the
Estate of MARGARET E. MARTZ, his
wife,

                    Plaintiff,

      v.

KOLPIN OUTDOORS, INC.,

                   Defendant.

**CIVIL DIVISION**

Case No.:

**COMPLAINT**

Filed on behalf of Plaintiff:
LARRY K. MARTZ, Executor of the
Estate of MARGARET E. MARTZ, his
wife

Counsel of Record for this Party:

Victor H. Pribanic, Esquire
Pa. I.D. No.:  30785

Philip C. Chapman, III, Esquire
Pa. I.D. No.:319448

PRIBANIC & PRIBANIC, L.L.C.
1735 Lincoln Way
White Oak, PA 15131

(412) 672-5444

**<u>JURY TRIAL DEMANDED</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY K. MARTZ, Executor of the Estate of MARGARET E. MARTZ, his wife, | ) ) ) ) | **CIVIL DIVISION** |
| | ) | Case No.: |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| KOLPIN OUTDOORS, INC., | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

AND NOW, comes Plaintiff, Larry K. Martz, Executor of the Estate of Margaret E. Martz, his wife, by and through his counsel Victor H. Pribanic, Philip C. Chapman, and the law firm of Pribanic & Pribanic, L.L.C. and files the following Complaint against the Defendant, Kolpin Outdoors, Inc. and in support thereof avers as follows:

### Introduction

1.       On September 12, 2020, Margaret E. Martz experiences a loss of throttle control while operating a Honda Rancher ATV at her home. The loss of throttle control is caused by a Kolpin Throttle Master – 98005 sticking to the handle bar grip of the ATV. The loss of throttle control results in the premature death of Margaret E. Martz.

## The Parties

2.      Plaintiff, Larry K. Martz, is an adult individual resident of the Commonwealth of Pennsylvania and Centre County, residing at 1444 E. Mountain Road, Port Matilda, PA 16870.

3.      Plaintiff is the spouse of the decedent, Margaret E. Martz, and was appointed as the Executor of the Estate of Margaret E. Martz on May 11, 2022, by the Register of Wills of Centre County, Pennsylvania at docket number 1422 – 0308.

4.      Margaret E. Martz (DOB: 1/31/51) was an adult individual who resided at 1444 E. Mountain Road, Port Matilda, PA 16870 at the time of her death.

5.      Plaintiff brings this action under the provisions of the laws as hereinafter set forth to recover damages for those persons so entitled, by law to-wit:

    a.  Larry K. Martz (spouse);

    b.  Allison Martz (daughter); and

    c.  Emily Miles (daughter).

6.      The right to bring this action is conferred upon the Plaintiff by the following laws under which this action is brought:

    a.  Wrongful Death Statute: 42 Pa.C.S.A. § 8301 et seq;

    b.  Survival Statute: 42 Pa.C.S.A. § 8302 et seq.

7.      No action was brought by the decedent against the Defendant.

8.      No other action for the wrongful death of the decedent has been commenced against the Defendant.

9.     The persons entitled by law to recover damages for the decedent's Wrongful Death pursuant to 42 Pa.C.S. § 8301 have sustained the following damages:

   a. The cost of medical treatment, services, supplies, hospitalization and all other medical costs incident to the treatment and subsequent death of Margaret E. Martz;

   b. The cost of funeral and burial expenses occasioned by the death of Margaret E. Martz;

   c. The loss of the value of the services, assistance, comfort, guidance, counseling, companionship and society of Margaret E. Martz, past and future (including specifically the Wrongful Death plaintiff's profound emotional and psychological loss);

   d. The loss of financial support and all pecuniary benefits which would or could have been contributed by decedent to the support of her family;

   e. The expenses of the administration of the Estate of Margaret E. Martz; and

   f. Any other such losses and damages as are recoverable by law or statute.

10.     Plaintiff, Larry K. Martz, Executor of the Estate of Margaret E. Martz, seeks damages on behalf of the Estate for which the Defendant is liable pursuant to the provisions of 42 Pa.C.S. § 8302 – Survival Statute, which include:

   a. The pain, suffering and psychological trauma of Margaret E. Martz from the time of the sudden acceleration event up to and including her time of death;

   b. Hospital, surgical, and medical expenses incurred on her behalf; and

    c. All such other losses and damages as are recoverable by law or statute.

11.    Defendant, Kolpin Outdoors, Inc., is a Minnesota corporation with its primary place of business at 9955 59th Ave. N., Plymouth, MN 55442. This Defendant defectively designed and manufactured the Kolpin Throttle Master (Item No.: 98005) that is the subject of this lawsuit.

## Jurisdiction and Venue

12.    The amount in controversy exceeds $75,000.00.

13.    The Plaintiff and Defendant are citizens of different states

14.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

15.    Venue is proper under 28 U.S.C. § 1402 (b) in that all, or a substantial part of the act and omissions forming the basis of these claims occurred in the Middle District of Pennsylvania.

## Factual Allegations

16.    Larry K. Martz and his wife, Margaret E. Martz, regularly used ATVs in their daily life for work and recreation.

17.    On June 1, 2020, Mr. Martz orders a Kolpin Throttle Master (Item No.: 98005) from online powersports distributor, denniskirk.com.

18.    The Kolpin Throttle Master is a device marketed and sold to ATV riders as a safe after-market addition to their machines that allows more precise throttle control and eliminates fatigued and sore thumbs.

19.    Mr. Martz mounts the Kolpin Throttle Master to his wife's 2019 Honda Rancher ATV upon receipt.

20.     During the afternoon of September 12, 2020, Mr. and Mrs. Martz attach a trailer to the 2019 Honda Rancher ATV to assist in hauling brush around their property.

21.     While operating the ATV at a slow crawl, and with her husband riding in the trailer to hold down a light load of brush, the defective Kolpin Throttle Master causes Mrs. Martz to lose throttle control.

22.     The ATV accelerates suddenly, throwing Mr. Martz from the trailer.

23.     Mr. Martz watches the ATV run down his property's gravel driveway at full speed with the trailer fish-tailing behind it until out of sight.

24.     Mr. Martz finds his wife at the bottom of the driveway face down under the trailer with the ATV on its side nearby.

25.     She is unresponsive and bleeding from her head.

26.     Emergency responders transport Decedent via ambulance to Mount Nittany Medical Center before she is life-flighted Geisinger Medical Center – Danville that evening.

27.     Mrs. Martz dies on September 13, 2020.

28.     Mrs. Martz's Cause of Death is listed as "multiple blunt force injuries".

## COUNT I (Strict Liability)

29.     Plaintiff hereby incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    At all relevant times to this action, Defendant Kolpin Outdoors, Inc. was engaged in the business of designing, manufacturing, selling, and/or supplying ATV accessories and designed, manufactured and/or sold the Kolpin Throttle Master involved in the death of the decedent and was a seller as defined by the Restatement (Second) of Torts §402A as adopted by the Supreme Court of Pennsylvania.

31.    Defendant Kolpin Outdoors, Inc. breached the duties owed to the decedent as mandated by designing and/or manufacturing and/or selling the Kolpin Throttle Master in a defective condition, rendering it unreasonably dangerous to the ultimate user.

32.    The Kolpin Throttle Master was expected to and did reach Mrs. Martz and was used by her without substantial change in the condition in which it was manufactured for sale.

33.    The Kolpin Throttle Master was defective in that it was manufactured and designed in such a way that that the Defendant knew it would contact and become stuck upon the handle bar grips of ATVs that it was installed on, resulting in a fixed open throttle scenario like that which claimed Mrs. Martz's life.

34.    The Kolpin Throttle Master was defective in that it did not meet the expectations of a reasonable consumer as a reasonable consumer would not expect that the Kolpin Throttle Master, a device marketed to aid in the

operation of ATVs would actually increase the risk of serious injury and death.

35.     The reasonable consumer / user with knowledge common to the community would expect, when considering the appearance of the product, that it was safe for its intended use during the operation of ATVs.

36.     Contrary to the expectations of the reasonable consumer / user, the Kolpin Throttle Master caused Mrs. Mart to lose throttle control when it became stuck upon the handle bar grips of the ATV.

37.     The Kolpin Throttle Master was further defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

38.     Reasonable alternative designs existed, which would not have materially altered the cost of the product, but would have avoided the risk that the Kolpin Throttle Master

39.     The Kolpin Throttle Master was further defective because it failed to have all features and accouterments necessary to render it safe to use.

40.     The Kolpin Throttle Master was further defective because it did not come with appropriate instructions and warnings.

41.     The defective condition of the Kolpin Throttle Master caused Mrs. Martz's injuries and death.

42.    As the direct, legal and proximate result of the breach of the mandates of §402A as aforesaid, Mrs. Martz died on September 13, 2020.

43.    As a result of the breaches of the mandates of §402A as aforesaid, Mrs. Martz's wrongful death beneficiaries claim damages as set forth in Paragraph 9 of this Complaint.

44.    As a result of the breaches of the mandates of §402A as aforesaid, Mr. Martz claims on behalf of the Estate, damages as set forth in Paragraph 10 of this Complaint.

WHEREFORE, Plaintiff, Larry K. Martz, Executor of the Estate of Margaret E. Martz, demands judgment against Defendant Kolpin Outdoors, Inc. for an amount in excess of the applicable arbitration limits of this Court.

## COUNT II (Negligence)

45.    Plaintiff hereby incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46.    Defendant, Kolpin Outdoors, Inc. was, at all relevant times, in the business of manufacturing, assembling, testing, inspecting, designing and selling ATV accessories; and regularly conducted said business by placing its products into the stream of commerce; and knew that its products would be used by consumers like Mrs. Martz; and did, in fact, place the Kolpin Throttle Master (Item No.: 98005) into the stream of commerce, resulting in that product being used by Mrs. Martz on September 12, 2020.

47.    Defendant Kolpin Outdoors, Inc. was under a duty, with respect to goods it produced and distributed to the public, to exercise reasonable care in the manufacture and design of such goods.

48.    Defendant Kolpin Outdoors, Inc. was negligent and failed to exercise reasonable care with respect to the design and manufacture of the Kolpin Throttle Master used by Decedent on September 12, 2020, in any or all of the following respects:

  a. In designing and/or manufacturing the Kolpin Throttle Master in a way in which the defendant knew that it would impact or interfere with ATV handlebar grips causing it to become stuck in an open throttle position;

  b. In failing to adequately warn of the dangers of the interference between the Kolpin Throttle Master and ATV handlebar grips;

  c. In failing to author appropriate warnings of the known dangers presented to ATV operators using the Kolpin Throttle Master;

  d. In designing and/or manufacturing and/or selling the Kolpin Throttle Master when it knew was likely to result in the ATVs throttle becoming stuck open; and

  e. In continuing to sell this type of designed and manufactured ATV accessory when it knew, or in the exercise of reasonable judgment should have known – of its potential to impact or interfere with ATVs handlebar grips.

49.    As the direct, legal and proximate result of the negligence of Defendant Kolpin Outdoors, Inc., Plaintiff's decedent died on September 13, 2020.

50.     As a direct result of the Defendant's negligence as aforesaid, decedent's wrongful death beneficiaries claim damages as set forth in Paragraph 9 of this Complaint.

51.     As a direct result of the Defendant's negligence as aforesaid, Plaintiff claims on behalf of the Estate, damages as set forth in Paragraph 10 of this Complaint.

WHEREFORE, Plaintiff, Larry K. Martz, Executor of the Estate of Margaret E. Martz, demands judgment against Defendant Kolpin Outdoors, Inc. for an amount in excess of the applicable arbitration limits of this Court.

## COUNT III (Breach of Warranty)

52.     Plaintiff hereby incorporates by reference paragraphs 1 through 51 of this Complaint as though the same were more fully set forth at length herein.

53.     Defendant Kolpin Outdoors, Inc. is a merchant as defined by Article 2 of the Uniform Commercial Code.

54.     By operation of law, Defendant Kolpin Outdoors, Inc. impliedly warranted pursuant to 13 Pa.C.S.A. §2314 that the Kolpin Throttle Master was merchantable and such warranty runs to the ultimate consumer or user of the product.

55.     The subject Kolpin Throttle Master was a "good" as defined by Article 2 of the Uniform Commercial Code.

56.   Defendant Kolpin Outdoors, Inc. regularly engaged in the manufacture and sale of the Kolpin Throttle Master giving rise to this lawsuit.

57.   Because the Kolpin Throttle Master was defective and injured Plaintiff, it was not fit for the ordinary purposes for which goods are used and breaches the implied warranty of merchantability.

WHEREFORE, Plaintiff, Larry K. Martz, Executor of the Estate of Margaret E. Martz, demands judgment against Defendant Kolpin Outdoors, Inc. for an amount in excess of the applicable arbitration limits of this Court.

Respectfully submitted,

PRIBANIC & PRIBANIC, L.L.C.

By:   */s/ Philip C. Chapman*
Philip C. Chapman, Esquire
Pa. I.D. No.: 319448
PRIBANIC & PRIBANIC, L.L.C.
1735 Lincoln Way
White Oak, PA 15131
Phone: (412) 672-5444
Fax:    (412) 672-3715
*Attorney for Plaintiff*

Victor H. Pribanic, Esquire
Pa. I.D. No.: 30785
PRIBANIC & PRIBANIC, L.L.C.
1735 Lincoln Way
White Oak, PA 15131
Phone: (412) 672-5444
Fax:    (412) 672-3715
*Attorney for Plaintiff*